**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | No. 24-cr-109-04 (DLF) |
| | : | |
| **KELVIN SANKER,** | : | |
| | : | |
| **Defendant.** | : | |

**STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA**

I.   Summary of the Plea Agreement

Defendant Kelvin Sanker agrees to admit guilt and enter a plea of guilty to Count One of the Superseding Indictment, charging Conspiracy to Distribute and Possess with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Phencyclidine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C).

II.  Elements of the Offense

The essential elements of the offense of Conspiracy to Distribute and Possess with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Phencyclidine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C), each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

(1)   That an agreement existed between two or more persons to commit the crimes of distribution and possession with the intent to distribute a controlled substance, that is, phencyclidine; and

(2)   That the defendant intentionally joined in that illegal agreement.

The offense of violating 21 U.S.C. § 846, by conspiring to violate federal narcotics laws,

does not include as an element, the commission of an overt act in furtherance of the conspiracy. *United States v. Pumphrey*, 831 F.2d 307, 308-309 (D.C. Cir. 1987).

The essential elements of the offense of distribution of a controlled substance (a Detectable Amount of Phencyclidine) are:

(1) That the defendant distributed a controlled substance. Distribute means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return;

(2) That the defendant distributed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently; and

(3) That the controlled substance was phencyclidine.

The essential elements of the offense of possession with intent to distribute a controlled substance (a Detectable Amount of Phencyclidine) are:

(1) That the defendant possessed a controlled substance;

(2) That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently; and

(3) That when the defendant possessed the controlled substance, he had the specific intent to distribute it. Distribute means to transfer or attempt to transfer to another person; and

(4) That the controlled substance was phencyclidine.

III.    Penalties for the Offense

The penalty for Conspiracy to Distribute and Possess with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Phencyclidine, in violation of 21 U.S.C.

§§ 846, 841(a)(1) and 841(b)(1)(C), is:

 (A) a maximum sentence of imprisonment of 20 years;

 (B) a fine not to exceed $1,000,000;

 (C) a term of supervised release of at least three years, after any period of incarceration;

 (D) an obligation to pay any applicable interest or penalties on fines and restitution not timely made; and

 (E) a special assessment of $100.

The United States Sentencing Guidelines at § 5E1.2 permit the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

 III. <u>Brief Statement of the Facts</u>

The following statement of facts does not purport to include all of the Defendant's illegal conduct. It also does not purport to be an inclusive recitation of everything that the Defendant heard, knew, or witnessed concerning the illegal activities of himself or others. It is intended to represent sufficient information for the Court to find a factual basis for accepting the Defendant's guilty plea.

Had this case gone to trial, the Government's evidence would prove the following beyond a reasonable doubt:

 1. From in or around August 2023, the Drug Enforcement Administration (DEA) and Federal Bureau of Investigation (FBI) conducted a criminal investigation of a local drug trafficking organization that was trafficking in phencyclidine ("PCP"), which involved the Defendant and his co-conspirators.

2. The Defendant's role in the conspiracy included the storing and preparing PCP for distribution and sale. The Defendant distributed PCP to his co-conspirators, including Co-conspirator-1, Co-conspirator-2, and Co-conspirator-3, with whom he conspired and agreed to unlawfully, knowingly, and intentionally distribute and possess with intent to distribute PCP.

3. Law enforcement, through two undercover officers ("UC-1" and "UC-2") conducted a series of controlled purchases of PCP from an associate and co-conspirator of the Defendant, Co-conspirator-1.

4. Law enforcement, through UC-2 and UC-1, conducted multiple controlled purchases of PCP from Co-conspirator-1, including on or about the following dates:

   a. November 28, 2023 (approximately eight ounces, or 150.378 grams);

   b. December 19, 2023 (approximately eight ounces, or 167.322 grams);

   c. January 11, 2024 (approximately 16 ounces, or 333.938 grams);

   d. January 22, 2024 (approximately 16 ounces, or 330 grams);

   e. January 30, 2024 (approximately 16 ounces, or 330 grams);

   f. February 14, 2024 (approximately 16 ounces, or 330 grams); and

   g. February 29, 2024 (approximately 16 ounces, or 330 grams).

5. Prior to each of these controlled purchases, one or more of the Defendant's co-conspirators collected the PCP from the Defendant's home at 3920 Burns Ct. SE, Washington, DC, where the Defendant knowingly and willfully stored the PCP. In total, the Defendant stored, prepared, and distributed more than one kilogram of PCP as part of the conspiracy.

6. On or about February 25, 2024, Co-conspirator-2 was arrested in Washington, DC, and detained at the DC Jail. During an intake interview with Pretrial Services, Co-conspirator-2

falsely gave the Defendant's address, 3920 Burns Ct. SE, Washington, DC, as his own address. On February 27, 2024, using a recorded phone line from the jail, Co-conspirator-2 called Co-conspirator-3. During the phone call, Co-conspirator-3 called the Defendant, so that Co-conspirator-2, Co-conspirator-3, and the Defendant could all speak together. Co-conspirator-2 warned the Defendant that he had provided the Defendant's address to Pretrial Services, and instructed the Defendant to dispose of evidence, including PCP, by providing it to Co-conspirator-3. The Defendant agreed. At this time, the Defendant was aware of a criminal investigation and knew that Co-conspirator-2 was asking him to remove evidence from the Defendant's home because of an anticipated visit from law enforcement.

7. On the night of February 28, 2024, Co-conspirator-1 contacted the Defendant and arranged for the Co-conspirator-1 and Co-conspirator-3 to stop at the Defendant's home later that night to collect PCP. In advance of their arrival, the Defendant prepared four eight-ounce water bottles containing PCP for distribution to his co-conspirators, as Co-conspirator-2 had instructed. At approximately 12:45 a.m. on February 29, 2024, Co-conspirator-1 and Co-conspirator-3 arrived at the Defendant's residence, 3920 Burns Ct. SE. Co-conspirator-3 entered the residence and retrieved at least 16 ounces of PCP from the Defendant.

8. The Defendant further agrees that he personally has read or had read to him the entire Superseding Indictment returned on April 11, 2024, in *United States v. Lamont Langston et al.*, 24-cr-109 (DLF), including the allegations and charges against the other defendants in the Superseding Indictment. The Defendant admits that all of the allegations in the Superseding Indictment are true, OR that he does not have information to dispute or disprove those allegations in any way.

                Respectfully Submitted,

                MATTHEW M. GRAVES
                United States Attorney

By:   _____
                Adam L.D. Stempel
                Special Assistant United States Attorney
                Peter V. Roman
                Assistant United States Attorney

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to one count of Conspiracy to Distribute and Possess with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Phencyclidine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). I have discussed this proffer fully with my attorney, Nathan Silver, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: Oct. 2, 2024

_____
Kelvin Sanker

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea to one count of Conspiracy to Distribute and Possess with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Phencyclidine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: Oct. 2, 2024

_____
Nathan Silver, Esq.
Counsel for Defendant

\* I have provided to Mr. Sanker a copy of the statement of offense.

/s/ NS   /s/ KS

7